UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAVID WEBSTER, Individually and as
representative of other similarly situated
property owners and as representative of
a class pursuant to Rule 23 FRCP,

                                        Plaintiff,

                -vs-                                          02-CV-00395C(F)

NATIONAL FUEL GAS SUPPLY CORPORATION,

                                        Defendant.

_____

## INTRODUCTION

        On May 1, 2006, defendant National Fuel Gas Supply Corporation ("Supply Corp.")

filed a motion to dismiss plaintiffs' Twelfth Cause of Action pursuant to Fed. R. Civ. P.

12(b)(6) and the remaining pendent state law causes of action pursuant to Title 28 U.S.C.

§ 1367(c)(3).   Item 51.   Plaintiffs were directed to file a response to the motion on or

before May 15, 2006.  Plaintiffs have declined to file a response and the court will consider

the motion unopposed.   For the reasons that follow, defendant's motion to dismiss is

granted, and the complaint is dismissed.

## BACKGROUND and FACTS

        This action was commenced with the filing of a complaint on May 29, 2002.  Item

1.[1]  Plaintiffs' complaint asserted twelve causes of action, including two federal claims.  In

_____

        [1]  Plaintiffs initially attempted to commence this action by filing a complaint in September 2000.
Item 3, Ex. A. Thereafter, they filed an amended complaint, but neither complaint was properly served.  In
an order dated May 22, 2002, this court dismissed the amended complaint for lack of proper service.

their First Cause of Action, plaintiffs alleged "Inverse Condemnation," an illegal and unconstitutional taking of property belonging to the landowners without notice, adequate notice, and/or an opportunity to be heard, in violation of the Fourth, Fifth, and Fourteenth Amendments.  *Id.,* ¶¶ 94-102.[2]  In their Twelfth Cause of Action, plaintiffs allege a violation of substantive and procedural due process, in that New York's Eminent Domain Procedure Law ("EDPL") does not provide adequate notice and an opportunity to challenge the taking under New York law.  *Id.,* ¶¶ 187-90.  In addition, plaintiffs assert ten common law claims under New York State law, including:  Unjust Enrichment, Nuisance/Trespass, Property Damage,  Duress/Coercion,  Breach  of  Contract,  Fraud  and  Misrepresentation, Unconscionable, Tortious Interference with Contracts, Interference with Quiet Enjoyment, and Violations of the Rule Against Perpetuities.  *Id.,* ¶¶ 103-86.

Plaintiffs include 94 landowners in the Town of Concord, New York.  Underneath or adjacent to plaintiffs' land is a naturally occurring underground storage field called the Zoar Storage Field, where defendant stores natural gas in underground rock formations and, plaintiffs allege, has done so since approximately 1916.  Item 1, ¶ 25.[3]  In 1948, National Fuel's predecessor was granted a Certificate of Public Convenience and Necessity by the Federal Power Commission (predecessor to the Federal Energy Regulatory Commission– "FERC"), covering multiple storage fields in Erie County, New York.  *Id.,* ¶ 26.  This Certificate established certified boundaries for the Zoar Storage Field.  *Id.,* ¶ 27.

_____

Item 3, Exhibit C.  Thus, the complaint filed in the current action is the third complaint that has been filed.

[2]  That cause of action was dismissed in the court's April 11, 2006 decision and order.  Item 46.

[3]  This factual statement is taken from the Complaint, and the various papers in support of and in opposition to the motions to dismiss.

In approximately 1977, upon learning that the boundaries of the Zoar Storage Field were larger than it originally believed, defendant applied to FERC for a permit to certify the Field with larger boundaries.  Item 1, ¶ 73.  FERC granted the application and issued an Order Amending Certificate dated July 29, 1999.  *Id.,* ¶ 74.  Defendant sought to obtain storage leases from some landowners within the larger Zoar Storage Field, and was authorized in the Order Amending Certificate to condemn storage easements under the property of the remaining landowners.

In May 2000, defendant commenced 62 condemnation proceedings pursuant to the EDPL in New York State Supreme Court seeking easements permitting the underground storage of natural gas.  Item 1, ¶ 81.  The plaintiffs, as respondents in that action, interposed three counterclaims–the first alleging an unconstitutional taking, the second alleging public health and safety dangers, and the third alleging interference with property rights.  Item 22, Exh. B.  These counterclaims were dismissed without prejudice by the Hon.  Eugene Fahey in an order dated September 5, 2001 as falling outside the purview of the EDPL proceeding.  *Id.,* Exh. C.  Plaintiffs also raised nine affirmative defenses, including the "violation of Respondent's rights to due process of law under the Federal and State Constitutions and of the public policy of the State of New York as embodied in Article 2 of the EDPL."  Item 48, Exh. B., ¶ 49.  In a Memorandum Decision dated July 31, 2001, Justice Fahey granted the petitions and concluded that the EDPL proceeding did not violate the plaintiffs' due process rights.  Item 3, Exh. E; Item 48, Exh. E.  Specifically, Justice Fahey found that Supply Corp. applied to FERC for a certificate of public convenience and that the application was published in the *Federal Register*.  *Id.,* p. 4.

Thereafter, Supply Corp. commenced the condemnation proceedings, served the respondents by certified mail, and published the requisite notices in the *Springville Journal* in compliance with the provisions of the EDPL. *Id.* Justice Fahey further found that Supply Corp. was exempt from the EDPL public hearing requirement. *Id.*

Some landowners appealed these rulings to the New York State Supreme Court, Appellate Division, Fourth Department, specifically challenging the alleged violation of due process and the court's interpretation of the EDPL. Item 3, Exh. F; Item 48, Exh. G. Justice Fahey's determination was affirmed on appeal. *See National Fuel Gas Supply Corp. v. Town of Concord*, 752 N.Y.S.2d 187 (App. Div. 4th Dep't. 2002). The Appellate Division held that Supply Corp. was exempt from the public hearing requirement of the EDPL and that a challenge to the adequacy of the notice of Supply Corp.'s application for a certificate of public convenience would properly be brought pursuant to the FERC review process.[4] Plaintiffs' remaining arguments were found to be without merit. This order was not appealed to the New York Court of Appeals.

The 94 plaintiffs, all property owners affected by the underground storage activities of defendant at its Zoar Storage Field, fall into three categories. The first group consists of those landowners who own land within the storage field and have signed leases with defendant (referred to by defendant as the "Contract Landowners," Item 4, p. 5). This group generally contends that their agreements with defendant are invalid for various

---

[4] The Appellate Division also suggested that plaintiffs challenge the adequacy of the notice of the FERC application in "a proceeding commenced in federal court," but the court's citation to the Natural Gas Act, 15 U.S.C. §§ 717r(a), (b), indicates that the federal court proceeding to which the court referred was the review by the Court of Appeals for the circuit in which the natural gas company has its principal place of business, following FERC's action upon an application for rehearing. *See* 15 U.S.C. § 717r(b).

reasons, as outlined in the common law causes of action.  The second group is comprised

of those landowners who have refused to sign leases but have gas stored on their land

(referred to by defendant as the "State Court Condemnees," Item 4, p.6).  Defendant

initiated condemnation proceedings in New York State Supreme Court against the

members of this group.  Finally, the third group is comprised of those plaintiffs who own

property adjacent to the storage field, but not in it (referred to by defendant as the

"Adjacent Landowners," Item 4, p. 6).  These plaintiffs contend that they are prevented

from utilizing the natural gas beneath their properties because, due to New York State

Department of Environmental Conservation regulations, they cannot place a gas well within

1,320 feet of the storage field.

On July 23, 2002, defendant brought a motion to dismiss the complaint, arguing that

this court had no subject matter jurisdiction over the plaintiffs' claims. Item 3.  Following

extensive briefing and oral argument, the court issued a decision and order on April 11,

2006 dismissing the inverse condemnation claim and granting defendant permission to file

an additional motion to dismiss pursuant to Rule 12(b)(6).  Defendant filed its motion on

May 1, 2006 (Item 51), and plaintiffs declined to file a response in opposition to the motion.

## DISCUSSION

### I.   Motion to Dismiss

#### A.  Plaintiff's Due Process Claim

In their Twelfth Cause of Action, plaintiffs allege that they are suffering a violation

of their substantive and procedural due process rights guaranteed by the Fourteenth

Amendment because the New York State EDPL "does not give them adequate notice and

opportunity to come forward to challenge the taking . . ." as a result of defendant's "apparent exemption from the notice and hearing provisions . . . ." Item 1, ¶¶ 187, 188. Defendant argues that plaintiffs have failed to state a due process claim.

The court notes that plaintiffs cannot assert a due process claim on behalf of the Adjacent Landowners. Those plaintiffs were not a party to the state court condemnation proceedings, and defendant is not alleged to have stored natural gas beneath their properties or taken their property pursuant to the EDPL without due process of law. Likewise, the Contract Landowners were not parties to the state court proceedings and suffered no alleged violation of their due process rights. Only the State Court Condemnees have alleged a due process violation as a result of the application of the New York EDPL.

In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor. *Bolt Elec., Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995). The complaint should only be dismissed where it appears beyond doubt that plaintiff can present no set of facts entitling it to relief. *Conley v. Gibson*, 355 U.S. 41, 46 (1957); *Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984). Motions to dismiss based upon *res judicata* and collateral estoppel are properly brought under Fed. R. Civ. P. 12(b)(6). *See Sassower v. Abrams*, 833 F. Supp. 253, 264 n. 18 (S.D.N.Y. 1993) ("The Court notes it is well settled that a court may dismiss a claim on res judicata or collateral estoppel grounds on a Rule 12(b)(6) motion.") (citations omitted).

On a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), the court is precluded from considering matters outside of the complaint. *Courtenay Commc'n, Corp. v. Hall,* 334 F.3d 210, 213 (2d Cir. 2003).  In this regard, a complaint includes any written instrument attached as an exhibit and any statements or documents incorporated by reference into the complaint, or any matter of which judicial notice may be taken.  *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)).  Judicial notice of prior state court adjudications is proper on a motion pursuant to Rule 12(b)(6).  *Rothman v. Gregor,* 220 F.3d 81, 92 (2d Cir. 2000).

A judgment in a prior proceeding bars a party and its privies from relitigating an issue if, but only if:  (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits.  If the issues were not identical, there is no collateral estoppel.  Nor is litigation of an issue barred by collateral estoppel if that issue was not actually decided in the prior proceeding or if its decision was not necessary to the judgment.  *N.L.R.B. v. Thalbo Corp.*, 171 F.3d 102, 109 (2d Cir. 1999) (citations and internal quotation marks omitted).

Here, plaintiffs have raised the identical due process issues in this proceeding as were raised in state court.  The due process claims were actually litigated and decided against the plaintiffs.  Justice Fahey found that defendant was exempt from the public hearing requirement of the EDPL, and that notices of both the FERC application and the

condemnation proceedings were adequate for due process purposes. These determinations were affirmed by the Appellate Division and not appealed to the New York Court of Appeals. There can be no question but that the plaintiffs had a full and fair opportunity to litigate the due process issues and that determination of the issues was necessary to support a final judgment. Accordingly, plaintiff's Twelfth Cause of Action fails to state a claim upon which relief can be granted, and the claim must be dismissed.

### B. Plaintiff's Pendent State Claims

Defendant also argues that if the due process claim is dismissed, this court should dismiss the remaining pendent state claims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Item 4, pp. 16-19; Item 52, pp. 8-9. This court has the authority to dismiss the state claims pursuant to 28 U.S.C. § 1367(c)(3), which provides that the district court may decline to exercise supplemental jurisdiction over a claim if the "court has dismissed all claims over which it has original jurisdiction." In general, "where the federal claims are dismissed before trial, the state claims should be dismissed as well." *Giordano v. City of New York,* 274 F.3d 740, 754 (2d Cir. 2001) (internal quotation and citations omitted). Here, as the court has granted the motion to dismiss the remaining federal claim, the pendent state claims are also dismissed.

### CONCLUSION

Defendant's motion to dismiss, Item 51, is granted, and the complaint is dismissed. The Clerk is directed to enter judgment in favor of defendant.

So ordered.

_____
JOHN T. CURTIN
United States District Judge

Dated:   September   20   , 2006
p:\opinions\02-395.sep0706